[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On December 2, 1992, the defendants filed a motion to dismiss the plaintiff's action on the ground that the Court lacks subject matter jurisdiction.
It is the defendant's claim that the plaintiff was a party to an action before the DPUC. She was in fact made a party by the DPUC. When she failed to appear at the public hearing on November 15, 1991, her status as a party was rescinded by the Commission. Defendant nevertheless claims that since she was made a party, she had the right to be heard and take an appeal from any adverse ruling of the DPUC.
The defendants, therefore, claim that she has failed to exhaust her administrative remedies and thus she cannot claim that she was without an adequate remedy at law. She may not therefore bring an action for injunctive relief. Since she had an adequate remedy at law and failed to use it, she is not entitled to the injunctive relief claimed and the case should be dismissed for lack of subject matter jurisdiction.
The plaintiff claims that the DPUC has no authority to determine a private party's interest in real estate and that the plaintiff was dropped by the DPUC as a party to the DPUC proceeding prior to its final adjudication and therefore has no right to appeal the decision. The plaintiff also points out that the DPUC is without authority to determine the rights of the parties in Lena Road. Only the courts can make such a determination. CT Page 853
The Court finds that the DPUC decision requires C.L.P. to provide electricity to the defendants. However, it acknowledges that C.L.P. will be required to obtain an easement or risk suit by adjoining property owners and suggests that C.L.P. seek a declaratory ruling in the Superior Court regarding its right to install utility lines in the right of way.
The Court finds therefore that even if the plaintiff had appeared before the DPUC, it could not have obtained the relief sought here. Only the Court can determine the rights of the parties in the land.
Accordingly, the motion to dismiss is denied.
Hurley, J.